923 F.2d 850
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Henry L. WARREN, Jr., Plaintiff-Appellant,
v.
H.B. WHITT, Mary B. Whitt, Defendants-Appellees.
 No. 89-2841.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 3, 1990.
Decided Jan. 28, 1991.
 
 Appeal from the United States District Court for the Western District of Virginia, at Danville. Jackson L. Kiser, District Judge. (CA-88-117-D)
 David Eugene Cheek, Sr., Hill, Tucker & Marsh, Richmond, Va, (Argued), for appellant; Henry L. Marsh, III, HILL, Tucker & Marsh, Richmond, Va., on brief.
 Robert T. Vaughan, Jr., Daniel, Vaughan, Medley & Smitherman, P.C., Danville, Va. (Argued), for appellees; James A.L. Daniel, Brian H. Turpin, Daniel, Vaughan, Medley & Smitherman, P.C., Danville, Va., on brief.
 Before WIDENER and SPROUSE, Circuit Judges, and WILLIAM M. NICKERSON, United States District Judge for the District of Maryland, sitting by designation.
 W.D.Va.
 AFFIRMED.
 PER CURIAM:
 
 
 1
 We are asked to decide whether a transaction involving two deeds and a repurchase option contract constitutes a mortgage or a sale of the property. The district court determined that the transaction in question was an absolute sale of the property. We affirm.
 
 
 2
 Henry L. Warren owned two parcels of land in Halifax County, Virginia, against which the First State Bank of Danville had begun foreclosure proceedings.
 
 
 3
 In an effort to prevent the foreclosure, Warren approached H.B. Whitt, who agreed to pay Warren's debt to the Danville bank. In exchange Warren deeded the two properties to Whitt. Those deeds did not contain mortgage, deed of trust, or loan language and Whitt took control of the properties after the transaction.
 
 
 4
 In addition to the deeds, the parties executed a repurchase option contract. Warren never exercised the repurchase option and Whitt now claims that the conditional sale has become absolute.
 
 
 5
 The trial court found that "[t]he instruments in question are deeds of bargain and sale and could not reasonably be construed as being deeds of trust." (Jt.App. 250.) It is the existence of the option contract which raises a question as to the nature of the transaction.
 
 
 6
 In this situation the intent of the parties at the time they executed the deeds is controlling. Johnson v. Johnson, 183 Va. 892, 33 S.E.2d 784 (1945). Under Virginia law, a determination of whether a transaction constitutes a sale or a mortgage requires examination of the circumstances under which the deed was made. Bachrach v. Bachrach, 111 Va. 232, 68 S.E. 985 (1910).
 
 
 7
 The record of the events which led to the formation of the deeds is unclear. Warren, as plaintiff, carried the burden of proving that the option was intended as a mortgage: "the proofs must be clear, consistent and cogent, composed of circumstances incompatible with the idea of an absolute purchase, and leaving no doubt on the mind." Holladay v. Willis, 101 Va. 274, 43 S.E. 616 (1903). Plaintiff failed to meet this burden.
 
 
 8
 The plaintiff points to the repurchase agreement in support of his claim that the transaction was a security agreement. The trial court found that Warren's testimony was controverted and did not make sense in that Warren believed the deeds were deeds of trust but had no real explanation for the existence of the option.
 
 
 9
 The trial court's conclusion that "the evidence presented by the plaintiff in this case falls far short of the 'clear, unequivocal, and convincing' requirement" (Jt.App. 252) was not clearly erroneous.
 
 The judgment of the district court is
 
 10
 AFFIRMED.